JOHN SAMUEL GIBSON (CA Bar No. 140647)
john.gibson@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel:   310.595.3039
Fax:   310.595.3339

BROOKE KILLIAN KIM (CA Bar No. 239298)
brooke.kim@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:   619.699.2700
Fax:   619.699.2701

*Attorneys for Defendant Apple Inc.*

RAFEY S. BALABANIAN (Cal. Bar No. 315962)
rbalabanian@edelson.com
TODD LOGAN (Cal. Bar No. 305912)
tlogan@edelson.com
BRANDT SILVER-KORN (Cal. Bar No. 323530)
bsilverkorn@edelson.com
**EDELSON PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel:   415.212.9300
Fax:   415.373.9435

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE

| | |
|---|---|
| DONALD NELSON, an individual, and CHEREE BIBBS, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | Case No. 5:21-cv-00553-EJD<br><br>**STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT PENDING RESOLUTION OF MOTION TO TRANSFER**<br><br>Judge:   Hon. Edward J. Davila<br>Room:   Courtroom 4<br><br>Complaint Filed: January 22, 2021 |

1   WHEREAS, Plaintiffs Donald Nelson and Cheree Bibbs ("Plaintiffs") commenced this
2   action by filing a complaint in this Court on January 22, 2021;
3   WHEREAS, on December 31, 2020, Defendant Apple Inc. ("Apple") filed a Motion for
4   Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings (the
5   "Transfer Motion") with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to
6   centralize six actions in coordinated pretrial proceedings known as MDL 2985, *In re: Apple Inc.*
7   *App Store Simulated Casino-Style Games Litigation*, and to transfer them to the United States
8   District Court for the Northern District of California;
9   WHEREAS, on February 4, 2021, Plaintiffs served the Summons and Complaint in the
10  instant action on Apple;
11  WHEREAS, on February 5, 2021, Plaintiffs' counsel notified the JPML that the instant
12  action is a potential tag-along action that should be transferred to MDL 2985 if the JPML grants
13  the Transfer Motion;
14  WHEREAS, the JPML set the Transfer Motion for hearing on March 25, 2021, and
15  historically, the JPML enters its order on motions heard at the March hearing session in early
16  April;
17  WHEREAS, on February 25, 2021, the parties stipulated to a two-week extension of
18  Apple's time to respond to the complaint, through March 12, 2021 (Dkt. 12);
19  WHEREAS, no other extensions of time have been stipulated to between the parties to this
20  action;
21  WHEREAS, pursuant to Civil L.R. 6-1(a), the parties may stipulate, without a Court order,
22  to extend time to file an initial response to a complaint, provided that "the change will not alter the
23  date of any event or any deadline already fixed by Court order";
24  WHEREAS, no Court dates are impacted by this Stipulation;
25  ////
26  ////
27  ////
28  ////

NOW, THEREFORE, Plaintiffs and Apple stipulate,[1] by and through their respective undersigned counsel, as follows: Apple shall have an extension of time in which to answer, move, or otherwise respond to the complaint in this action until thirty (30) days after the later of (1) entry of an order denying the Transfer Motion or (2) entry of an order transferring or declining to transfer this action to MDL 2985.[2]

Dated:  March 11, 2021

**EDELSON PC**

By:  */s/ Todd Logan*
    Todd Logan
    Attorneys for Plaintiffs

Dated:  March 11, 2021

**DLA PIPER LLP (US)**

By:  */s/ Brooke Killian Kim*
    Brooke Killian Kim
    Attorneys for Defendant Apple Inc.

---

[1] Apple expressly reserves, and does not waive, all rights and defenses, including but not limited to those based on jurisdiction, venue, standing, applicable arbitration agreements and/or class action waivers, and failure to state a claim upon which relief may be granted.

[2] Should any other potential tag-along action be filed, Apple shall use its best efforts, including through appropriate motion practice, to secure an extension of time to respond to the potential tag-along complaint of at least the same amount of time provided for under this stipulation. To the extent Apple's time to respond to any other potential tag-along is not continued or stayed pending resolution of the Transfer Motion, Apple shall promptly alert Plaintiffs and the stipulation may be terminated at either party's election. If the stipulation is terminated, Apple's response to the Complaint shall be due on the same date as Apple's response deadline in the potential tag-along action that was not continued or stayed unless such date would be earlier than 30 days after the denial of Apple's motion to continue or stay the potential tag-along action. This extension of time will be without prejudice to either party seeking leave of Court to shorten or lengthen the stipulated time for Apple to answer, move, or otherwise respond to the complaint for reasonable cause.

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, I hereby certify that the content of this document is acceptable to Todd Logan, Esq., counsel for Plaintiffs, and that I have obtained Mr. Logan's authorization to affix his electronic signature to this document.

Dated: March 11, 2021

**DLA PIPER LLP (US)**

By: */s/ Brooke Killian Kim*
    Brooke Killian Kim
    Attorneys for Defendant Apple Inc.